IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SIDNEY EUGENE CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:11cv885-MEF |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Before the court is a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, filed on October 6, 2011, by federal inmate Sidney Eugene Clark ("Clark"). Clark challenges his 2010 guilty plea convictions for bank robbery and brandishing a firearm during and in relation to a crime of violence, *see* 18 U.S.C. §§ 2113(a) & 924(c )(1)(A). The court sentenced Clark to 171 months in prison. He did not take a direct appeal.

In his § 2255 motion, Clark alleges that the Government engaged in prosecutorial misconduct by breaching the terms of the plea agreement when it charged him with additional counts of bank robbery committed in Alabama after he pled guilty and was sentenced in the instant case. Doc. No. 1 at 5-6. The Government maintains that Clark's § 2255 motion was filed after expiration of the one-year limitation period applicable to such motions and is therefore time-barred. Doc. No. 4 at 3-4. In addition, the Government argues that Clark's allegation that it breached the plea agreement is meritless, because the plea

agreement contains no mention or indication that the Government agreed not to charge Clark with any additional counts of bank robbery in Alabama and, in any event, the prosecuting agency for the Middle District of Alabama has not charged Clark with further criminal violations and does not intend to do so. *Id*.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for § 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, § 2255(f) provides that the one-year limitation period shall run from the latest of –

>  (1) the date on which the judgment of conviction becomes final;

>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

Clark was convicted pursuant to a guilty plea entered on March 17, 2010. He was sentenced on June 3, 2010. *See* Criminal Case No. 2:09cr86-MEF, Doc. Nos. 60 & 73. Judgment was entered by the district court on June 15, 2010. *Id*., Doc. No. 76. Clark did not

file a direct appeal. Therefore, his conviction became final (and the one-year limitation period began to run) on June 29, 2010, upon expiration of the time for him to file a direct appeal (i.e., 14 days after entry of judgment by the district court).[1] Thus, for the purpose of § 2255(f)(1), Clark had until June 29, 2011, to file a timely § 2255 motion. His § 2255 motion, however, was not filed until October 6, 2011,[2] ninety-nine days after expiration of the one-year limitation period. Consequently, his motion is untimely pursuant to § 2255(f)(1).

Clark asserts that his motion is timely because his claim "is based on conduct that did not occur until after petitioner's conviction and sentence became final." Doc. No. 1 at 6. In this regard, Clark maintains that "[a]pproximately 3 months after the petitioner was sentenced, the government charged the petitioner with an additional count of bank robbery in violation of the plea agreement." *Id*. Although Clark does not cite a specific subsection of § 2255(f), the court presumes that his argument for the timeliness of his motion is based on subsection (4) of § 2255(f), since he is suggesting that the factual predicate for his claim – the Government's charging him "with an additional count of bank robbery in violation of the plea agreement" – could not have been discovered through the exercise of due diligence

---

[1] Fed.R.App.P. 4(b)(1) provides that a defendant's notice of appeal must be filed within 14 days after entry of the district court's judgment.

[2] Clark represents that he signed his § 2255 motion on October 6, 2011. Applying the "mailbox rule," and no evidence to the contrary, this court deems his motion as filed on that date. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

until "approximately 3 months after [he] was sentenced."[3] This court, however, finds that § 2255(f)(4) affords Clark no relief. Clark was sentenced on June 3, 2010. He provides no specific date on which the Government allegedly charged him with an additional count of bank robbery in Alabama, but says only that it was "approximately 3 months" after he was sentenced, which, if true, would have been around the first week of September 2010. Clark, however, did not file his § 2255 motion until October 6, 2011 – more than one year (approximately a year and one month) after the first week of September 2010. Clark's vague allegations about the date on which the additional charges were purportedly filed are insufficient to demonstrate that the factual predicate for his claim could not have been discovered, through the exercise of due diligence, within one year of the time he filed his § 2255 motion. Therefore, even if § 2255(f)(4) governs the limitation period in Clark's case, Clark's § 2255 motion is nevertheless untimely.

What is more, the Government correctly observes that Clark's plea agreement contains no suggestion that the Government agreed not to charge Clark with additional counts of bank robbery. The Government's provisions under the plea agreement were (1) that Clark receive a 3-level reduction for acceptance of responsibility; (2) that the Government recommend a sentence at the low-end of the applicable advisory guideline range as to Count 1 and a sentence of 7 years as to Count 2; and (3) that the instant sentence run concurrently with any state or local sentence for any conviction arising out of any criminal activity committed at,

---

[3] Subsection (2) and (3) of § 2255(f) clearly do not apply to Clark's claim.

or within, the same time period as the present federal case. Gov. Ex. B at 4-5. Thus, even if Clark's § 2255 motion were timely under § 2255(f)(4), his claim would fail on the merits because the Government did not breach the plea agreement.

Further, Clark has presented no evidence tending to support his assertion that approximately three months after he was sentenced, the Government charged him with an additional count of bank robbery committed in Alabama. Indeed, the Government avers in its answer that Clark was not charged with further criminal violations in the Middle District of Alabama after entering his guilty plea, and this court's review of the PACER case locator system reveals that additional federal charges have not been filed against Clark in the Middle, Northern, or Southern District of Alabama after entry of his guilty plea in the instant case. Those records do reflect that Clark entered a guilty plea to bank robbery and firearm charges in the United States District Court for the Southern District of Alabama on September 23, 2010. *See United States v. Clark*, 1:10cr56-CG-N-2 (S.D. Ala), Doc. No. 70. However, those charges were pending against Clark since March 25, 2010, when he was indicted on them (*see id*., Doc. No. 1), and they were pending against him when he was sentenced in the instant case.[4] Thus, even assuming that the charges to which Clark pled guilty in the Southern District of Alabama are the charges he now maintains constituted the breach of his plea agreement in this case, it is abundantly clear that he was aware of those charges for well over a year before filing his § 2255 motion on October 6, 2011. This further bolsters the

---

[4] The pending charges were mentioned in Clark's presentence investigation report ("PSI") in the instant case. *See* Case No. 2:09cr86-MEF, Doc. No. 80 at 8, ¶ 37.

court's conclusion that even if § 2255(f)(4) governs the limitation period in Clark's case, his § 2255 motion is still untimely.

The one-year limitation period for filing a § 2255 motion may be equitably tolled on grounds apart from those specified in 28 U.S.C. § 2255(f) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999); *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004). As the Supreme Court recently reiterated in *Holland v. Florida*, 560 U.S. ___, 130 S.Ct. 2549 (2010), "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." 130 S.Ct. at 2562.

Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Here, Clark has not raised an equitable-tolling argument. Thus, he has not met his burden of establishing that extraordinary circumstances and due diligence warrant equitable tolling of the limitation period in his case.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and that this case be dismissed with prejudice, because the motion is untimely and the sole claim presented in the motion is without merit.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before August 27, 2012**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 13th day of August, 2012.


      /s/Charles S. Coody
     CHARLES S. COODY
     UNITED STATES MAGISTRATE JUDGE